# Rodney House
## *v.*
## Trustees of Schools of Town 35, Range 10 E.

1. **Surety**—*release by failure to present debt against estate of deceased principal.* The statute providing that, where the principal maker of a joint note dies, the payee or assignee shall present the same against the estate of

the decedent for allowance, and that, upon a failure to do so, the sureties shall be released, is not a mere statute of limitations. On the contrary, the statute forms a part of the contract, upon which the sureties have a right to rely, even in case of a note payable to the trustees of schools; and if the note is not presented within the time limited by the statute, the sureties will be released.

2. TOWNSHIP TREASURER—*liability of, on his bond, for failure to present claim against estate of deceased debtor.* If the township treasurer fails to present a note, payable to the school fund, against the estate of the principal maker, within the time limited by law, the sureties will be released, and if the amount is thereby lost to the school fund, the treasurer will be liable therefor on his official bond.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. GEORGE S. HOUSE, for the appellant.

Messrs. HALEY & O'DONNELL, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

On March 4, 1869, a statute was enacted, providing that—
"Whenever the principal maker of a joint note shall depart this life, it shall be the duty of the payee or assignee thereof to present the same against the estate of decedent for allowance, to the proper court, within two years after the granting of letters testamentary or of administration on his or her estate; and if said payee or assignee shall fail or neglect so to do, the surety or sureties in such note shall be released from the payment thereof."

On the 1st of September, 1871, while this statute was in full force, Michael L. Bannon, as principal, and Rodney House and Rodney House, Jr., as sureties, gave their joint notes to the trustees of schools, one for $100 and one for $45.57, each payable one year from date, with interest.

After these notes became due, and on about the 10th of October, 1872, Bannon, the principal, died intestate, and on the 4th day of November, 1872, letters of administration upon the estate were issued to Maria L. Bannon, who on that day qualified as such administratrix.

24—83D ILL.

The trustees of schools, well knowing all this, did not, within two years after the granting of letters of administration, present the notes, or either of them, against the estate of the principal maker, for allowance, but failed and neglected so to do, and, in fact, never so presented said notes.

On December 12, 1874, more than two years after the granting of letters of administration, this action was instituted against the securities on these notes, and judgment given against them for the amount of these notes and interest.

The only question presented by this record is, whether the failure of the plaintiffs to present in apt time these notes against the estate of Bannon released the sureties by operation of law.

It is insisted by appellees that the statute is not applicable to payees of notes who are public officers, having no personal interest in the joint notes in question, and that this money, belonging to the school fund, in substance belongs to the State, and while the trustees are, nominally, the payees, the State, in fact, is the party in whom the title is, and that no statute should be construed to work a forfeiture or be allowed to operate against the State or public, unless it be so expressly provided in the statute. Appellees further suggest that this is in the nature of a statute of limitations, and it is insisted that no statute of limitations is to bar suits by the State or by any public officer who sues for the benefit of the public, unless the same is made expressly applicable to such case. This certainly presents a question for grave consideration. While all loans of school funds under control of township authorities are made in the name of trustees of schools of the township, still the business is chiefly transacted by the township treasurer. "Township treasurers shall loan  *  *  *  all moneys which shall come to their hands by virtue of their office, except such as may be subject to distribution.  *  *  *  For all sums not exceeding $100, loaned for not more than one year, *two responsible* sureties shall be given." He is required to give bond, with sureties, for the faithful performance of "all the duties of his office" according to the laws. It is also enacted

that, "in payment of debts by executors and administrators, those due the common school or township fund shall have preference," etc., "and it shall be the duty of *the township treasurer* to attend at the office of the probate justice, upon the proper day, as other creditors, and have any debts as aforesaid probated and classed, and to be paid as aforesaid."

We have arrived at the conclusion that the statute relied upon is not a mere statute of limitations. On the contrary, we think that the securities upon these notes, in the making of these notes, had the right to rely upon this statute as a part of their contract. The trustees of schools, in accepting these notes (through the action of the township treasurer, acting in their name), *contracted with these sureties*, that, in case of Bannon's death, these notes should be presented by the township treasurer (acting in the name of the trustees of schools) against Bannon's estate, in apt time, for allowance and payment, and that, unless presented within two years from the date of the letters of administration, these sureties should be released. Shall the school fund, then, ultimately suffer and lose this money? Not at all. It may, possibly, yet be collected from Bannon's estate. If, however, this resource be unavailing, the township treasurer and his sureties are liable on his official bond for the amount lost, by his failure to present the claim, as the statute required, in apt time, against Bannon's estate. The defense offered in the court below ought to have been heard.

The judgment is reversed, and the cause remanded with directions to permit defendants in the court below to plead to the declaration.

*Judgment reversed.*