## SUSAN CURRY
### *v.*
## URIAH MACK *et al.*

1.  SURETY—*released by failure to present claim against estate of principal.* The statute of March 4, 1869, which provides that the surety upon a joint note shall be released by a failure of the holder to present the same to the proper court for allowance against the estate of the principal, upon his death, within two years after the grant of letters, is not a mere statute of limitation, but enters into and forms a part of the contract.

2.  SAME—*what law governs as to mode of presentation.* Where the principal in a joint note executed while the act of March 4, 1869, was in force, dies before payment and after the mode of presenting claims for allowance against estates has been changed, the holder must present the note for allowance against the estate of the principal, in accordance with the later law, within two years after the grant of letters, or the sureties on the note will be released.

3.  JUDGMENT—*conclusive only upon parties and privies.* A judgment of the county court allowing a claim against an estate, to be paid in the due course of administration, is conclusive only on the parties to it that the claim was presented within two years after the grant of letters, but is not upon the sureties to a note which is thus allowed, and they may show that it was not, in fact, presented to the court within that time, and thus discharge themselves from liability.

4.  Where the record of the county court shows that a copy of a note was filed as a claim against an estate with the clerk on December 9, 1874, more than two years after the grant of letters, and the recital in the judgment of its allowance is, that the claim filed of that date was presented, this will show that this was the time when the claim was first presented, and the sureties will be released, under the act of 1869, in the absence of any other evidence as to the time of presentation.

WRIT OF ERROR to the Appellate Court of the Second District; the Hon. JOSEPH SIBLEY, presiding Justice, and the Hon. EDWIN S. LELAND and Hon. N. J. PILLSBURY, Justices.

This was an action of assumpsit, by Susan Curry, upon a promissory note made on the 26th day of February, 1870, jointly and severally by Firman Mack, Uriah Mack, Edward Cleghorn, John Brown and Gabriel Houck to John Curry, for the sum of $2000, payable six months after date, with interest at the rate of ten per cent per annum.   John Curry died March 11, 1872, testate, and by his will bequeathed to the plaintiff, Susan Curry, his widow, this note, under a general clause in the will.

Firman Mack was the principal in the note, the other makers being his sureties, and he died August 10, 1872, intestate, no part of the principal of the note having been paid. The interest on the same was paid regularly every year up to February 20, 1874,—the date of the last payment.

George Woodruff was appointed administrator of Firman Mack's estate August 16, 1872, by the county court of Will county.

On December 9, 1874, Susan B. Curry filed with the clerk of the county court of Will county, in his office, a copy of said note as a claim against the estate of Firman Mack, for the sum of $2158, and the administrator, by his attorney, December, 1874 (the day not appearing), entered his appearance and waived summons.

On December 22, 1876, the following judgment was entered on the claim of said note in the county court of Will county:

Susan B. Curry          
v.                     }  Claim No. 4261.
The Estate of Firman Mack, Dec'd.

And now, on this day, comes said claimant and presents to the court her claim (filed December 9, A. D. 1874,) against said estate, and the court being fully advised, by proper evidence adduced, that said claim is just and equitable, and George Woodruff, administrator of the estate of Firman Mack, deceased, having waived all objection to the allowance thereof, it is thereupon ordered by the court that said claim be and it is hereby allowed, in the sum of $2557.21, and that it be en-

tered of record in the seventh class, and be paid in due course of administration.

Prior to such judgment, two dividends had been made in the Mack estate,—one October 21, 1873, of twenty per cent, and one December 12, 1874, of five and one-half per cent, which have not, as yet, been shared in by the plaintiff.

The present suit was brought in the circuit court of Will county May 25, 1877, by Susan Curry against the four surviving makers—the sureties in the note. The plea was the general issue, and the case being submitted to the court for trial, without a jury, upon the foregoing state of facts, the issue was found and judgment rendered for the defendants. The case was taken by the plaintiff to the Appellate Court for the Second District, and the judgment was there affirmed. The plaintiff brings this writ of error to reverse the judgment of the Appellate Court.

Messrs. GARNSEY & KNOX, for the plaintiff in error.

Mr. GEORGE S. HOUSE, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The statute passed March 4, 1869, provides, "that whenever the principal maker of a joint note shall depart this life, it shall be the duty of the payee or assignee thereof to present the same against the estate of decedent, for allowance, to the proper court, within two years after the granting of letters testamentary or of administration on his or her estate; and if said payee or assignee shall fail or neglect so to do, the surety or sureties on such note shall be released from the payment thereof." Laws 1869, p. 305.

The question made is, whether the note was presented against the estate of the decedent, Firman Mack, the principal maker, for allowance to the county court, within two years after the granting of letters of administration on his estate.

There is some difference between the statutes of 1845 and

1872 as to the manner of exhibiting claims against the estate of decedents; the former providing that it might be by serving a notice of the claim on the executors or administrators, or presenting them the account, or filing the account or a copy thereof with the court of probate, and declaring that all demands against an estate which should not be exhibited within two years from the granting of letters testamentary or of administration should be forever barred, except as to other estate which might be found not inventoried or accounted for by the executor or administrator. Rev. Stat. 1845, p. 561, secs. 115, 116. The act of 1872 provides, that every administrator or executor shall fix upon a term of court within six months from the time of his appointment, for the adjustment of all claims against the decedent, when and where the claimant shall produce his claim; that if he fails to do so he may file a copy of his claim with the clerk of the court, whereupon, unless waived, the clerk shall issue a summons to the executor or administrator to appear and defend the claim at a term of the court therein specified, and the estate not to be answerable for the cost of the proceeding. And it provides that all demands which shall not be exhibited to the court within two years from the granting of letters, as aforesaid, shall be forever barred, except as to other estate which may be found not inventoried or accounted for by the executor or administrator. Rev. Stat. 1874, pp. 115, 116, secs. 60, 61, 70.

As the statute of 1869 was passed at the time when the act of 1845, relative to the administration of estates, was in force, it is contended that the mode of presentation of claims for allowance against an estate, as respects this statute of 1869, is to be according to the provisions of the act relative to the administration of estates in force at that time,—of the passage of the statute of 1869,—which was the act of 1845; and as that act provided that a claim might be presented for allowance by serving a notice of the claim on the administrator, or by presenting him the account, that it is not inconsistent with anything shown in the record in this case that the claim might

have been presented in one of those modes; and that from the form of the judgment here, that the claim be paid in due course of administration, and not out of assets which might be found not inventoried, it should be presumed the claim was presented in one of those modes.

So far as regards any claim of benefit to the defendants in respect to the particular statute in accordance with which the claim should have been presented against the estate, we consider that the statute of 1872, which has been in force ever since its adoption, is the one which is here to govern; that as to the mode of presentation, there is no limitation to that prescribed by the particular statute which was in force at the time the act of 1869 was passed; but that the statute upon the subject in existence at the time when the claim is to be presented for allowance, is the one which applies. Under the statute of 1872, the claim is to be presented at the term of court fixed upon, or afterward, a copy of it filed with the clerk of the court, and a summons issued to the executor or administrator.

It is next contended, that the judgment of the county court, in the form it is, is a conclusive determination, or affords a conclusive presumption, that the claim was presented to the court for allowance within two years after the granting of letters of administration. That under the statute of 1872, if the claim was exhibited to the court within two years from the granting of letters of administration, it was the duty of the court, in giving judgment for the claimant, to enter one particular form of judgment, and if not so exhibited within said two years, to enter another form of a judgment—in the first case, the judgment to be that the claim be paid in due course of administration—in the other case, that the claim be paid out of any assets not theretofore inventoried.

As the judgment of the county court was in the form first named, that the claim be paid in due course of administration, and could not properly have been in that form unless the claim had been exhibited to the court within two years from the

granting of letters of administration, it is insisted that the judgment conclusively establishes that fact, and the case of *The People* v. *Gray*, 72 Ill. 343, is relied upon in support of the position. That was a suit for the use of a claimant whose claim had been allowed against an estate to be paid in due course of administration, brought upon the administrator's bond, against the administrator and his sureties, assigning for a breach the non-payment of the judgment. One plea was, that the claimant did not exhibit his claim against the estate of the decedent within two years next from the date of the letters of administration. It was there said : "Whether the claim was, in fact exhibited within two years, was, so far as the decision of this case was concerned, entirely immaterial. As the judgment in the county court did not provide for the payment of the claim from assets of the estate not then inventoried, we must presume it was exhibited within two years. Had it not been, a different judgment, under the statute, would have been rendered. * * * The judgment rendered in the county court was, therefore, conclusive of the fact that the claim had been exhibited within two years from the grant of letters of administration." What was thus said must be taken with reference to the case then before the court, and is not to be extended and apply to a case of the present character. Although these defendants were joint makers with Firman Mack of the note upon which the judgment was rendered against his estate, they were not parties to the judgment, or proceeding, and there is no principle upon which such judgment can be held as conclusive against them of the fact that the claim upon which the judgment was rendered was exhibited to the court within two years from the granting of letters of administration. Notwithstanding that judgment in the form it is, these sureties may show that the note was not presented against the estate of Firman Mack for allowance to the court, within the two years named.

The letters of administration were granted August 16, 1872. The record of the county court shows that a copy of the note

was filed as a claim against the estate with the clerk of that court, on December 9, 1874, more than two years afterward. The recital in the judgment order of the date of December 22, 1876, is, that the claimant comes and presents to the court her claim (filed December 9, 1874,) against the estate, etc. We must take this to be all that there was of the presentation of the claim for allowance to the county court.

We find, therefore, that by the showing of the record—that being all the evidence there is upon the point—the note in suit was not presented against the estate of Firman Mack, the principal, for allowance, to the county court, within two years after the granting of letters of administration on his estate. By the express terms, then, of the act of 1869, the defendants, the sureties in the note, are released from the payment thereof.

*House* v. *Trustees of Schools,* 83 Ill. 368, was a case of the application of this statute, where it was held not to be a mere statute of limitation, but that it was to be considered as entering into and forming a part of the contract.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*