## WILLIAM H. HUDDLESTON

### V.

## GEORGE FRANCIS AND JOHN HALPIN.

*Negotiable Instruments—Note—Death of Maker—Action against Sureties—Release under Act of March 4, 1869—Construction of Proviso.*

The maker of a promissory note, dated October 1, 1872, and payable in one year, died October 31, 1873. The note was never presented as a claim against the maker's estate. Upon these facts, it is *held:* That no action lies against the sureties on the note; that the failure of the holder of the note to present it for allowance against the maker's estate operates to release the sureties under the Act of March 4, 1869; and that the evidence supports the finding of the court below as to certain questions of fact.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Macoupin County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. RINAKER & RINAKER, for appellant.

The sound interpretation and meaning of the Act of 1869, on a view of the enacting clause and proviso, taken and construed together, is to prevail. If the principal object of the act can be accomplished and stand under the restriction of the saving clause or proviso, the same is not to be held void for repugnancy. Dwarris, 119 ; 1 Kent's Com. 463.

The Supreme Court of Illinois in the following cases hold about to the same effect: Boon v. Juliet, 1 Scam. 258; Spring v. Collector, 78 Ill. 101.

The enacting clause of the section under consideration, says the sureties shall be released from the payment, if note is not presented for allowance. The proviso says that the act shall not be so construed as to release any surety or sureties from the payment of the whole or any part of such debt that may remain unpaid after the estate of decedent is fully administered, nor prevent the holder of such note from bringing suit against sureties before the expiration of two years, etc.

Was it not the object of the statute to give to the sureties the benefit of what the estate of the deceased principal maker would contribute toward payment of the note, whether the holder presented the note for allowance or not? Did the General Assembly have any other object in view in its enactment? If so, what? Was it the object of the General Assembly to bar all right of action in a case where the estate of the note was wholly insolvent?

Does the act do more, in case the note is not filed against the estate of the deceased principal in two years, than to throw upon the holder of the note in a suit brought against the sureties, after two years, the burden of showing that the estate was insolvent, before he can recover the whole of the note ? Or that it was partially insolvent, in order to entitle him to recover so much as may remain unpaid after the estate is administered ? Does he forfeit, in the latter case, any more than

he might have got from the estate had his note been probated? Was it the purpose of the statute to give the sureties relief for more than they have lost by the neglect of the holder of the note? Does not the proviso show it to be the legislative intention to limit the holder's loss to that amount? If not so, what effect is the proviso to have? Does it mean anything on that point, if it does not mean to limit the loss of the holder for his neglect to present for allowance, his note, to so much as he might have obtained from the estate as his distributive share in due course of administration?

Mr. C. A. WALKER, for appellees.

PLEASANTS, J. Assumpsit, brought by appellant, on a promissory note of John Jones and appellees, of October 1, 1872, for $1,000, payable one year after date, with interest at ten per cent. Appellees were sureties. Jones died intestate, October 31, 1873. Letters of administration were granted to appellee Francis and another, November 13, 1873, and they qualified on the same day. The note in suit was never presented against the estate of the decedent for allowance to the proper court, and this action was commenced in March, 1887. Under the plea and proof of these facts the court below, on a trial without a jury, found the issue and rendered judgment for the defendants.

By the act in force March 4, 1869 (Public Laws of 1869, p. 305), it was declared: "That whenever the principal maker of a joint note shall depart this life, it shall be the duty of the payee or assignee thereof, to present the same against the estate of decedent for allowance, in the proper court, within two years after the granting of letters testamentary or of administration on his estate; and if said payee or assignee shall fail or neglect so to do, the surety or sureties on such note shall be released from the payment thereof. *Provided*, that this act shall not be construed so as to release any surety or sureties from the payment of the whole or any part of such debt that may remain unpaid after the estate of the decedent is fully administered, nor to prevent the holder of such note from proceeding against the surety or sureties at any time

before the expiration of two years after the granting of letters testamentary or of administration upon said estate.

That the enacting clause of this act unqualifiedly releases the surety, if the holder of the note fails to present it for allowance against the estate of the deceased principal within the time therein limited, would seem to be entirely clear from the language employed. And so it has been held. House v. Trustees of Schools, 83 Ill. 368; Curry v. Mack, 90 Ill. 606; Tipton, Adm., etc., v. Corrigan, 10 Ill. App. 318. But it is said that in these decisions the proviso was not alluded to and has not been specifically held to be inoperative, and counsel proceed to argue with great plausibility that the first part of it either has no meaning, or is directly contrary to the purview of the statute and must prevail, as speaking the last intention of the lawgiver, or limits the release, as in the Revising Act of July 1, 1874 (R. S., Ch. 132, Sec. 3), to the amount that might have been collected of the estate, if the claim had been presented in proper time.

We do not undertake to review the arguments nor to establish any particular construction of that portion of the proviso, for the reason that, to our understanding, the decision of the Supreme Court is conclusive as to the effect of the whole act; but suggest that, although somewhat awkwardly expressed, the intention of the Legislature was to exclude, by the language there employed, the conclusion that might otherwise be drawn from the enacting clause, that the only remedy left to the creditor, even if he filed his claim within the two years, was against the estate. It applies to a case in which a portion of the claim has been paid before the estate was fully administered, and, therefore, a case in which the entire claim was presented for allowance before that event; and two years is the time allowed to complete the administration. If construed to mean that if presented within the proper time and not paid or not fully paid, the sureties shall not be released from the payment of what so remains, it would be entirely consistent with the enacting clause and yet expressly preserve the right previously existing, to sue the sureties after the two years, as the last clause preserves another right, also previously

existing, to sue them within the two years, notwithstanding the concurrent remedy against the estate.

On the questions of fact whether appellee Francis promised appellant to have the claim allowed or to notify him within the two years in case the court should refuse to allow it without presentation of the note (which was in appellant's possession in another State), and whether appellees made him a new promise after the expiration of the two years, the court found against the plaintiff and it is conceded there was evidence enough to support the finding. The payment of interest was made by order of the County Court, and not as a maker of the note.

*Judgment affirmed.*