WILLIAM H. HUDDLESTON

*v.*

CHARLES FRANCIS *et al.*

*Filed at Springfield March 28, 1888.*

1. SURETY—*want of diligence in presenting claim against the estate of principal—release of surety—the statute construed.* Under the act of March 4, 1869, the failure of the payee or holder of a joint note to present the same against the estate of the principal maker, in case of his death, within two years after the grant of letters of administration, operated to discharge and release absolutely the sureties in such note, from liability for any part thereof.

2. The proviso to the act of March 4, 1869, relating to the release of sureties, was not intended to preserve to the holder of a joint note any cause of action against the sureties, when he failed to present the same against the estate of the principal maker within two years from the grant of letters. If presented and allowed, and not paid in full, then the sureties were liable for the deficit, and they might be sued before the expiration of the two years.

3. STATUTE—*office and effect of a proviso.* A proviso in a statute is to be strictly construed, and it takes no case out of the enacting clause which is not fairly within the terms of the proviso. Its office, generally, is either to except something from the enacting clause, to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of its extending to cases not intended to be included.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. RINAKER & RINAKER, for the plaintiff in error.

Mr. C. A. WALKER, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

On the 4th day of March, 1869, the following statute was enacted: "That whenever the principal maker of a joint note shall depart this life, it shall be the duty of the payee or assignee thereof to present the same, against the estate of the decedent, for allowance, to the proper court, within two years after granting of letters testamentary or of administration on his estate; and if said payee or assignee shall fail or neglect so to do, the surety or sureties on such note shall be released from the payment thereof: *Provided,* that this act shall not be construed so as to release any surety or sureties from the payment of the whole or any part of such debt that may remain unpaid after the estate of the decedent is fully administered, nor to prevent the holder of such notes from proceeding against the surety or sureties at any time before the expiration

of two years after the granting of letters testamentary or of administration upon said estate."

While this statute was in force, and on the 1st day of October, 1872, John Jones, as principal, and Charles Francis and John Halpin, as sureties, executed and delivered to William H. Huddleston a promissory note for $1000, due in one year, with interest at ten per cent per annum. On the 31st day of October, 1873, John Jones, the principal in the note, died intestate, in Macoupin county. On the 13th day of December, 1873, letters of administration upon the estate were issued to Charles Francis and Weye Smith, by the county court of Macoupin county, who, on that day, duly qualified as such. The payee of the note, William H. Huddleston, did not, within two years after the granting of letters of administration, or at any time, present the note for allowance against the estate of John Jones, the principal in the note; but in March, 1877, long after the time had expired within which the note should have been presented for probate, the payee brought this action against the sureties, to recover a judgment for the amount of the note and interest against them. The circuit court held that the sureties were released, and the correctness of this ruling is the only question presented by the record.

The first part of the section of the statute under consideration, in plain and emphatic language, requires the owner of a note to present the same, against the estate of the deceased principal, for allowance, to the proper court within two years after the granting of letters of administration, and the statute also declares that a failure to do so shall release the sureties. This provision is so plain that there is no room for construction. Indeed, it is conceded, in the argument, that if the act did not contain a proviso, plaintiff in error would have no standing in court. Reliance is therefore placed on the proviso, to authorize a recovery against the sureties. Upon this branch of the case it is claimed, that notwithstanding the note was not presented for allowance within two years next after the grant-

ing of letters of administration, and was not allowed, still the plaintiff was entitled, under the proviso in the act, to recover a judgment against the sureties for the amount which would remain unpaid on the note had it been presented against the estate of the principal, and duly allowed. In other words, that the sureties could only be released from so much of the amount of the note as would have been realized from the estate of Jones had the note been presented and allowed in proper time.

The view presented by counsel is an equitable one, and one, too, which we would be glad to adopt, if the language of the proviso would bear the construction attempted to be placed upon it. But the language contained in the proviso will not admit of that construction. In Potter's Dwarris on Statutes, page 118, in a note, it is said: "A proviso in a statute is to be strictly construed. It takes no case out of the enacting clause which is not fairly within the terms of the proviso. * * * The office of a proviso, generally, is either to except something from the enacting clause, to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of its extending to cases not intended to be brought within its purview." Adopting this as establishing a correct rule as to the object and office of a proviso to an act of the legislature, as we are inclined to do, the question may be readily disposed of in a few words. There is nothing in the proviso saying that a surety should only be released from that part of the debt which might have been made from the estate of the principal in the note if it had been presented and allowed, but the language is; that the act shall not be construed so as to release any surety from the payment of the whole or any part of such debt that may remain unpaid after the estate of the decedent is fully administered.

When the act was before the legislature, the question may have arisen, if the act was passed without a proviso, in case a note was presented against the estate of the principal in the

note, and a part of the debt made, whether, in such a case, the sureties might not be discharged. The question may also have been raised, whether a suit could be maintained against the sureties during the time the estate of the principal debtor was in process of settlement, and, as laid down in the authority cited, for the purpose of excluding any possible ground of misconception the proviso was added to the statute. But whether this was the reason which led to the adoption of the proviso or not, does not affect the question. The first part of the act declares that the sureties shall be released unless the note shall be presented for allowance within two years after granting letters of administration, and there is nothing in the language of the proviso, if the language used is given its ordinary meaning, which will exclude any part of the debt from the operation of the first part of the act. The proviso, as we read it, merely declares that where a note has been probated against the estate of the principal debtor, the sureties shall not be released by the act from the payment of whatever amount remains unpaid after the assets coming from the estate have been applied thereon, nor shall the act prevent a suit against the sureties during the two years the estate of the principal debtor may be in process of settlement.

This statute has been before us in two previous cases,— *House* v. *Trustees of Schools*, 83 Ill. 368, and *Curry* v. *Mack et al.* 90 id. 606,—and while the proviso was not discussed, it was held in both the cases that if a note was not presented within the two years named in the act, the sureties would be released. No hardship can result from the construction placed upon the act, as might be supposed, without giving the matter due and proper reflection. The law was in force at the time the note was executed, and may be regarded as a part of the contract between the payee of the note and the sureties. It was therefore a part of the contract made by the plaintiff, that in case of Jones' death the note should be presented against his estate in proper time for allowance, and unless presented

within two years from the grant of letters, the sureties should be released. The sureties had the right to rely upon the statute and the contract, and if loss is to follow, it grows out of the fact that the plaintiff himself was in fault.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*