*In re* Estate of JOHN MCWHIRTER, Deceased.

*Opinion filed October 26, 1908.*

1. EXECUTORS AND ADMINISTRATORS—*a non-resident widow has no right to nominate an administrator.* Under the proviso to section 18 of the Administration act, if at the time of the death of a person intestate there is no widow, husband or next of kin entitled to a share of the estate who is a *bona fide* resident of Illinois, it is the duty of the court to grant the administration to the public administrator, and such widow, husband or next of kin have no right to nominate the administrator.

2. CONSTITUTIONAL LAW—*proviso to section 18 of the Administration act is constitutional.* The proviso to section 18 of the Administration act, as amended in 1905, (Laws of 1905, p. 2,) which precludes a non-resident widow, husband or next of kin from nominating an administrator by providing for administration by the public administrator in such a case, is constitutional. (*Strong* v. *Dignan,* 207 Ill. 385, distinguished.)

3. SAME—*when a constitutional question must be regarded as raised in the trial court.* Where the county court, in its order denying a petition by a non-resident widow for the appointment of a certain person as administrator, recites that the provision of the statute relating to such matter is constitutional, it must be concluded by a court of review that the question of constitutionality of such statute was raised in the trial court, there being nothing in the record to conflict with such conclusion.

APPEAL from the County Court of Henry county; the Hon. ALBERT E. BERGLAND, Judge, presiding.

John McWhirter died at Iowa Falls, Hardin county, Iowa, where he resided, about January 21, 1908, intestate. He left a widow, three sons and a daughter, all of whom

are adults and none of whom are residents of the State of Illinois. His only property in Illinois consists of a claim for money in the hands of the circuit clerk of Henry county, amounting to about $4000. Henry E. Brown, as an individual and as executor of the will of Elizabeth Munson, deceased, filed a petition in the county court of Henry county alleging that, both in his individual capacity and as executor, he was a creditor of said McWhirter, and praying that as there were no persons who were next of kin residing in this State, administration might be granted to the public administrator of that county. The widow and heirs-at-law of said McWhirter thereupon filed objections to such appointment, setting forth that the estate of Mc-Whirter was being administered upon in Hardin county, Iowa, one of the sons being administrator; that three of the objectors were residuary legatees under the will of said Elizabeth Munson, and were entitled, as such, to the benefit of any claims which said Brown, as said executor, might have against the estate of McWhirter, and that they thereby waived and relinquished all such claims; that they did not believe said Brown had any valid claim as an individual or that the petition was in good faith; that they were ready to pay any valid claims said Brown might exhibit against said McWhirter or his estate, and that the administration of the estate in Illinois was wholly unnecessary. The widow and children of said McWhirter also filed a petition for the appointment of W. J. McBroom, of Henry county, Illinois, as administrator, setting forth the facts as to heirship and the amount of property substantially the same as in the other petition. Said McBroom also filed a bond and oath. The county court, after a hearing, found that section 18 of chapter 3 of our statutes, depriving a non-resident widow and heirs of the right to nominate an administrator, was constitutional, and, solely by reason of the fact that it deemed itself bound by the said section 18 so to do, denied the prayer of said widow and heirs for the appointment of

McBroom and granted the prayer of Brown, and ordered letters of administration issued to the said public administrator, upon filing bond. From this order Albert Mc-Whirter, one of the heirs-at-law, appeals directly to this court, on the ground that the constitutionality of said statute is involved.

HENRY WATERMAN, for appellant.

CHARLES E. STURTZ, and WILLIAM C. EWAN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee contends that the constitutionality of the statute in question was not raised in the lower court and therefore cannot be first raised in this court. (*Foote v. Lake County,* 198 Ill. 638; *Mechanics' Savings Ass. v. People,* 184 id. 129; *Opaque Cloth Shade Co. v. Veight,* 161 id. 337.) The order of the county court in this case expressly recites that the statute in question is constitutional. From this finding it must be concluded that this question was raised in the lower court. There is nothing in the record that in any way conflicts with this conclusion. This contention of appellee is therefore without force.

The statute in question is section 18 of chapter 3, on the administration of estates, (Hurd's Stat. 1905, p. 107,) and reads, in part, as follows: "Administration of the estate of all persons dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled to preference thereto in the following order: (1) To the surviving husband or wife, or any competent person nominated by him or her; (2) to the children or any competent person nominated by them; * * * (9) to the public administrator or to any creditor who shall apply for the same: *Provided,* that only such persons as are entitled to administer under this act shall have the right

235—39

to nominate. * * *. In all cases where the intestate is a non-resident, and in all cases where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of said decedent is a *bona fide* resident of this State, administration shall be granted to the public administrator: * * * *Provided,* that when the heirs are residents of this State and the estate is solvent and without minor heirs and it is desired by the parties in interest to settle the estate without administration this law shall not apply: *And further provided,* that no non-resident of this State shall be appointed or act as administrator or executor."

Appellant contends that the first proviso quoted above refers only to that part of the section which precedes it, (*Boon* v. *Juliet,* 1 Scam. 258; *Huddleston* v. *Francis,* 124 Ill. 195; *DeGraff* v. *Went,* 164 id. 485;) and that therefore this provision, that only such persons as are entitled to administer shall have the right to nominate, is not affected by the last proviso above quoted, that no non-resident of this State shall be appointed or act as administrator or executor. We cannot agree with this view. The words "under this act," in the first proviso, show that the whole act is referred to, and not the preceding part of the section, only. Moreover, the clause in the section reading, "in all cases where the intestate is a non-resident, and in all cases where there is no widow, husband or next of kin * * * who at the time of the death of said decedent is a *bona fide* resident of this State, administration shall be granted to the public administrator," applies specifically to this case, regardless of whether the first proviso qualifies only that which goes before, or the entire section. It is manifest that if the section be constitutional, then, under the part of the section last quoted, it was the duty of the county court to name the public administrator on the facts presented on this record.

Appellant earnestly insists that if the construction just given this section be the proper one the statute is unconstitutional, as depriving the non-resident widow and children of the deceased person of the right to nominate an administrator. This court has held that the right of a non-resident to be appointed administrator or executor by the court of probate is not a privilege or immunity the denial of which is prohibited by the Federal constitution, especially section 2 of article 4, which provides that "the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States." (*In re Mulford,* 217 Ill. 242; see, also, *Child* v. *Gratiot,* 41 id. 357.) If it be not unconstitutional to provide by statute that a non-resident cannot be appointed as administrator or executor, much less is there reason for contending that these constitutional provisions are contravened by denying a non-resident the right to nominate a person for appointment as executor or administrator. With the wisdom of this provision of the statute we have nothing to do. We must construe the law as we find it.

Counsel for appellant cites *Strong* v. *Dignan,* 207 Ill. 385, as upholding his contention. That decision passed on this section of the statute as it read in May, 1903, and decided a certain provision of the act, as it then read, unconstitutional, as special legislation. The present act went into force July 1, 1905. It is not urged that the act as now drawn is open to the charge of special legislation. What was stated in *Strong* v. *Dignan, supra,* as to the right of non-residents to nominate was said with reference to the statute as it then read. The provisions we are considering were not in the former law and wholly change the aspect of the question. The right to take property in pursuance of the statute of descent or wills is wholly statutory, and may be changed by the legislature in its discretion. (*Kochersperger* v. *Drake,* 167 Ill. 122; *In re Estate of Speed,*

216 id. 23.)   The right to administer is not a natural right in anyone, but resides first in the State, and the State may in certain cases, as where no relatives are within its jurisdiction, place the administration in the hands of its own officer, the public administrator.

Appellant further contends that there is no need of having any administration of this estate in Illinois, because, he insists, there are no valid claims against the estate and it should not be put to the unnecessary expense.   From the record before us we cannot say whether or not there is a valid claim against the estate.   The pleadings of appellant in the county court state that he and others who were joined with him in the proceedings in the lower court are ready and willing to pay any valid claims which might be exhibited against the estate.   Who is to decide what are valid claims?   While certain estates may be settled without administration, (*Lynch* v. *Rotan,* 39 Ill. 14; *People* v. *Abbott,* 105 id. 588;) there are few where such a course, from a practical point of view, is absolutely safe.   (Horner on Probate Law, sec. 113;  1 Woerner on American Law of Administration,—2d ed.—sec. 200.)   It is not only difficult to perceive how it can be determined, as a matter of law, that there are no debts against an estate before the expiration of the time within which to prove such claims, (1 Woerner on American Law of Administration,—2d ed.—sec. 201,) but it is also difficult to perceive how it can be shown that a claim is valid against an estate without having the estate administered.   The county judge, who was familiar with the facts, decided that it was necessary and that this was not a case where the administration of the estate could be properly dispensed with.   We find no reason on this record to disagree with this finding.

The decree of the county court will be affirmed.

*Decree affirmed.*