## In re Estate of William Barker, Deceased.
## Tony Barker, Appellant, v. Howard Barker, Appellee.

1. EXECUTORS AND ADMINISTRATORS, § 25*—*when minor child not entitled to act as father's administrator nor to nominate administrator.* Under Hurd's Rev. St. ch. 3, sec. 18 (J. & A. ¶ 66), relating to preferences in the matter of the right to appointment as administrator, a minor child had neither the right to act as administrator of the estate of his father, nor had he the right to nominate the administrator.

2. EXECUTORS AND ADMINISTRATORS, § 25*—*when next friend of minor not entitled to appointment as administrator of minor's father.* The next friend of a minor had no greater rights in relation to her appointment as administrator of the estate of the minor's father than the minor had.

3. EXECUTORS AND ADMINISTRATORS, § 25*—*right to administer and to take by descent or will as statutory.* No one has the right to administer, but that right and the right to take property by descent or by will rests in the State and is controlled by statute.

Appeal from the Circuit Court of Shelby county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed April 29, 1919.

GEORGE B. RHOADS, for appellant.

WHITAKER, WARD & PUGH, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

William Barker, a resident of Shelby county, on February 1, 1918, was killed in an accident at a mine at Stonington. He had been married and left one child, Howard J. Barker, aged 9 years, and a resident of Shelby county. The wife of deceased, and the mother of the child, had been divorced from him and had remarried, her name now being Etta Wallace. On

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

February 5, 1918, Howard J. Barker, by his mother and next friend, Etta Wallace, filed a petition in the County Court asking that William Baum be appointed administrator and nominated said Baum therefor. On February 8, 1918, Tony Barker, a half-brother of deceased, filed his petition in said court asking for the appointment of the public administrator and nominating the latter therefor. The County Court consolidated the petitions, heard the matter and found that Howard J. Barker, being a minor, was not entitled to administer upon the estate and therefore had not the right to nominate, and appointed the public administrator as administrator of the estate of the deceased, who filed his bond and qualified as such. Howard J. Barker, by Etta Wallace, his mother and next friend, appealed from the judgment of the County Court to the Circuit Court. The Circuit Court held that the son, though a minor, had a right to nominate and appointed William Baum administrator. Tony Barker has appealed from the judgment of the Circuit Court to this court.

Section 18, ch. 3, Hurd's Rev. St. (J. & A. ¶ 66) provides that in the appointment of an administrator of the estate of a deceased person, preference shall be given:

"1st. To the surviving husband or wife or any competent person nominated by him or her.

"2nd. To the children or any competent person nominated by them.

*     *     *     *     *

"9th. To the public administrator or to any creditor who shall apply for the same.

"*Provided,* that only such persons as are entitled to administer under this act shall have the right to nominate."

It is conceded that a minor child is disqualified from acting as the administrator of the estate of a deceased person, but it is claimed by appellee that, notwithstanding such disqualification, such a child would still

be "entitled" to act as an administrator if he was of age, and that by reason of this fact he would have the power to nominate.

Section 18 also contains a provision: "*And further provided,* that no nonresident of this State shall be appointed or act as administrator or executor." In the case of *In re McWhirter's Estate,* 235 Ill. 607, where it appeared from the facts that the widow and heirs at law of the deceased, all of whom were nonresidents, sought to nominate an administrator, the court held that from the fact that the widow and heirs were nonresidents, they were not entitled to administer and therefore could not nominate the administrator. The same reasoning must be applied to the facts in this case. This minor child could not be appointed administrator and therefore was not entitled to administer, and not being entitled to administer could not nominate the administrator. His next friend had no further rights or powers in the premises than he had. No one has a vested right to administer, but that right and the right to take property by descent or by will rests in the State and is controlled by statute. *In re McWhirter's Estate, supra.*

The judgment of the Circuit Court is reversed and the cause remanded with directions to enter an order in conformity with this opinion.

*Reversed and remanded with directions.*