JULIUS ROSENTHAL, Public Administrator,

*v.*

EUGENE E. PRUSSING, Admr.

*Filed at Ottawa November 20, 1883.*

ADMINISTRATION—*of non-resident estates—creditor living in State preferred over public administrator.* On the death of a non-resident intestate leaving real or personal property in this State, a creditor of the estate living in this State is entitled to preference over the public administrator in the grant of letters of administration upon such estate.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. A. M. PENCE, for the appellant.

Mr. EUGENE E. PRUSSING, *pro se.*

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

On June 5, 1883, Julius Rosenthal, public administrator for Cook county, made application for letters of administration upon the estate of Dorothea Grumme, deceased. On June 8, 1883, Prussing, as creditor, made application for letters upon the same estate. Both petitions came on for hearing at the same time, and both allege that Dorothea Grumme died intestate in June, 1882; that she was a non-resident at the time of her decease, and left personal estate in Cook county of the value of $1000.82; that she left no husband, and that all her heirs and next of kin reside in Hanover, Germany, and that she left no heir or next of kin residing in the State of Illinois. In their petitions Rosenthal alleges that he was public administrator for Cook county, and Prussing alleges that he was a creditor of the estate, and resided

in Cook county, Illinois. The probate court, in its order, found the facts to be as stated in both petitions, and dismissed Rosenthal's petition, and granted letters of administration to Prussing. On appeals to the circuit court of Cook county, and to the Appellate Court for the First District, the order of the probate court was affirmed, and Rosenthal appealed to this court.

The point in controversy is, whether, by virtue of his office, the public administrator is entitled to administer in all cases where the deceased was a non-resident. Appellee claims that if such non-resident leaves a resident creditor, then the public administrator is not entitled to letters of administration.

Section 18 of the chapter on "Administration of Estates," (Rev. Stat. 1874, p. 107,) reads as follows: "Administration shall be granted to the husband upon the goods and chattels of his wife, and to the widow or next of kin to the intestate, or some of them, if they will accept the same and are not disqualified, but in all cases the widow shall have the preference; and if no widow or other relative of the intestate applies within sixty days from the death of the intestate, the county court may grant administration to any creditor who shall apply for the same. If no creditor applies within fifteen days next after the lapse of sixty days, as aforesaid, administration may be granted to any person whom the county court may think will best manage the estate. In all cases where the intestate is a non-resident, or without a widow, next of kin, or creditors in this State, but leaves property within the State, administration shall be granted to the public administrators of the proper county," etc. The literal reading of the third sentence of this section is certainly with the appellant, that "in all cases where the intestate is a non-resident," administration shall be granted to the public administrator. Whether this be the true reading requires us to look further. The preceding portion of the section provides for a clear preference in administration: First, the husband

9—108 ILL.

or widow; second, the next of kin; third, creditors, and then, afterwards, such person as the county court thinks best.

The 48th section of the chapter provides: "Whenever administration is granted to any public administrator, and it shall afterwards appear that there is a widow or next of kin, or creditor of the deceased entitled to the preference of administration by this act, it shall be the duty of the county court to revoke the letters granted to such public administrator, and to grant the same to such widow, next of kin, or creditor, as is entitled thereto," etc. The idea of this section would seem to be that the next of kin and creditors are entitled to the preference of administration over the public administrator, although appellant's counsel says it means only the limited preference which exists in cases of a resident intestate, and consists with there being no such preference in case of non-resident intestates.

The 46th section provides that whenever any person dies seized or possessed of any real estate within this State, and has no relative or creditor within the State who will administer, the administration shall be committed to the public administrator. Here, certainly, there is the preference of the relative and creditor over the public administrator, without any limitation whatever. To be sure it is in the case of real estate, but we see no reason for any difference between the two cases of real and personal estate,—why there should not be the same general preference of next of kin and creditors in the case of personal estate as well as in the case of real estate,—and we think this section aids in support of the prevailing idea of the statute, as a whole, of an entire preference of the next of kin and creditors in the administration, without restriction to resident intestates. Section 50 provides for the public administrator taking steps to protect and secure the effects of one dying intestate, from waste or embezzlement; but it is limited to the case of the intestate not leaving a widow or next of kin, or a creditor, within the State.

We may derive some aid in the interpretation by looking at the statute as it stood at the time of the revision in 1874. Parts of the chapter on "Wills," in the Revised Statutes of 1845, were used in making up the chapter on "Administration of Estates" in the Revised Statutes of 1874, and section 18 of the latter, above quoted, was known as section 55 of the former, and was a part of the original act of 1829, and the two sections are the same. For the sake of comparison at this place we reproduce the clause in question as it was in said section 55:

"In all cases where the intestate is a non-resident, *or* without a widow, next of kin, or creditors in this State, but leaves property within the State, administration shall be granted to the public administrators of the proper county," etc.

Section 57 of that same chapter on "Wills" was as follows:

"Sec. 57. Whenever any person shall die intestate in any county in this State, or when any non-resident shall die intestate, leaving goods and chattels, rights and credits, or either, in this State, *and* no widow or next of kin, or creditor or creditors, shall be living within this State, administration of the goods and chattels, rights and credits of such intestate shall be granted to the public administrator," etc.

It will be seen that said sections 55 and 57 of the chapter on "Wills" were in direct conflict with each other upon the point in this case, because of the use of the word "*or*" in the former, and the word "*and*" in the latter. The former says, where the intestate is a non-resident, *or* without a widow, next of kin, or creditors in this State,—that is, *all* non-resident intestates. The latter says, when any non-resident shall die intestate, *and* no widow or next of kin, or creditor or creditors, shall be living within this State,—that is, only such non-resident intestates as shall be without widow or next of kin, or creditors living within the State. Comparing these sections 55 and 57 in the chapter of "Wills" together, it is plain that statute did not, in all cases where the intestate

was a non-resident, give the administration to the public administrator, but in such cases only where the non-resident intestate was without a widow or next of kin, or creditor or creditors living in this State. It thence appears that the word "*or*," above, in said section 55, in the chapter on "Wills," was a mistake, and should have been "*and*." In transcribing said section 55 into the Revised Statutes of 1874, and making it section 18 in the chapter on the "Administration of Estates," the word "*or*" was retained, when, if the section had been copied, not in its literal reading, but in its true meaning, the word "*and*" would have been used in the place of the word "*or*," and then this section 18 in the Revised Statutes would, in its literal reading, have preferred, in the administration, the next of kin or the creditor in this State of a non-resident intestate over the public administrator, as did section 55 of the former statute, according to its true meaning. We see no reason for making any change in the statutes in this particular respect, and can not think that any was intended. If the principle is to obtain at all of giving to the next of kin and creditors living in this State a preference over the public administrator in administering, we do not perceive why it should not be given to them as well in the case of a non-resident as of a resident intestate. Said section 57 of the old chapter of "Wills" is dropped from the Revised Statutes of 1874, perhaps from its being considered but a repetition of what section 18 contains.

Sections 46 and 48, above referred to, of the present chapter on "Administration of Estates," relating to real estate, and providing for the revocation of the letters granted to public administrators, are reënactments of sections 58 and 59 of the old chapter on "Wills," so that those sections were present in the former statute to strengthen its idea of preference of next of kin and creditors living in this State over the public administrator, in the granting of letters of administration.

We are of opinion that the probate court here, in granting letters of administration on the estate of the non-resident intestate, rightly gave the preference to the creditor living in this State over the public administrator; that it was the intention of the statute to allow such preference, as derived from taking the whole statute together, and from a comparison of its provisions with those of the former statute upon the subject, and of which it is a revision.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*

WALKER and SCOTT, JJ.: We do not concur in this opinion.