## W. H. Krome, Administrator, Appellee, v. William U. Halbert, Public Administrator, Appellant.

1. WILLS, § 211*—*effect of recording foreign will.* By the filing and admission to record of the will of a nonresident in the Probate Court of a county of Illinois, the will becomes by virtue of R. S. c. 148, § 10, J. & A. ¶ 11551, good and available in law, in like manner as wills proved in such court.

2. EXECUTORS AND ADMINISTRATORS, § 569—*when public administrator is entitled to administer.* The administration of the estates of nonresident intestates shall be granted the public administrator only in cases where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of the decedent is a bona fide resident of Illinois, and desires to administer or to nominate some one else to administer upon the estate.

3. EXECUTORS AND ADMINISTRATORS, § 569*—*when public administrator not entitled to administer.* Where a nonresident of Illinois dies leaving a will appointing a nonresident as executor and leaves two brothers as the only heirs at law, one of them who is a beneficiary under the will and a resident has the right to name an administrator with the will annexed, as against the right of a public administrator to such appointment.

4. EXECUTORS AND ADMINISTRATORS, § 566*—*how statute as to appointment construed.* By virtue of the Administration Act, § 1, J. & A. ¶ 49, the Probate Court must, in case of a nonresident executor, commit the administration unto the widow, surviving husband, next of kin or creditor, or some one nominated by the one entitled to administer, and the words "the same as if the testate had died intestate" do not authorize appointment of a public administrator in any case where one of the persons designated in the

statute is living in Illinois and desires either to administer or to nominate an administrator with the will annexed.

Appeal from the Circuit Count of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

J. M. HAMILL and C. P. HAMILL, for appellant.

DAN McGLYNN and SPRINGER & BUCKLEY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On April 20, 1912, Anna Zwingmann, a resident of the city of St. Louis, Missouri, departed this life, leaving a last will and testament, appointing Frank J. Lutz, a resident of said city of St. Louis, her executor. Her only heirs at law were two brothers, John William Brauel, a resident of Madison county, Illinois, and Paul Brauel, a resident of St. Louis. At the time of her death she was the owner of personal property in St. Clair county, Illinois, amounting to about $33,000, and also certain real estate located in said St. Clair county. Her will was admitted to probate by the Probate Court of St. Louis, Missouri, on April 23, 1912, and on May 3 following, her brother, John W. Brauel, filed a petition in the Probate Court of St. Clair county, praying for the appointment of William H. Krome, a resident of Edwardsville, Illinois, as administrator, with the will annexed. Later, on May 6, 1912, William U. Halbert, public administrator of St. Clair county, filed his petitioin in the Probate Court of said county, stating that said Anna Zwingmann died testate, leaving personal estate in said St. Clair county; that the executor named by her in the will was a nonresident of the State of Illinois and therefore disqualified from acting as executor, and praying that said public administrator be appointed as administrator of her estate with the will annexed. The two petitions were heard together in the Probate Court of St. Clair

county and that court, on May 25, 1912, appointed the public administrator as administrator with the will annexed of the estate of said Anna Zwingmann. Upon appeal the Circuit Court reversed the decision of the Probate Court, revoked the letters of administration granted to the public administrator, and caused letters of administration to be issued to said William H. Krome on the petition filed by John W. Brauel, brother of the deceased. The public administrator has appealed to this court and the record presents the question whether, under the facts in this case, concerning which there is no controversy, the brother of the deceased, a beneficiary under the will and a resident of this State, has the right to name the administrator with the will annexed, or whether the public administrator of St. Clair county, Illinois, where the personal property belonging to the testate in this State is located, has the right to such appointment.

By the filing an admission to record of the last will of Anna Zwingmann, deceased, in the Probate Court of St. Clair county, Illinois, the same, by virtue of our Statute of Wills, became good and available in law, the same as wills proved in such court. R. S. c. 148, § 10.   (J. & A. ¶ 11551.)

Section 1 of our act on administration of estates (J. & A. ¶ 49) provides: "That when a will has been duly proved and allowed, the county court shall issue letters testamentary thereon to the executor named in such will, if he is legally competent and accepts the trust and gives bond to discharge the same; and when there is no executor named in such will or the executor named therein dies, refuses to act or is otherwise disqualified, the court shall commit the administration of the estate unto the widow, surviving husband, next of kin or creditor, the same as if the testate had died intestate."

Appellee contends that the sections of our statute above referred to authorized his nomination as administrator of the estate in question by John W. Brauel,

brother of the deceased, as next of kin. On the other hand, appellant insists that section 18 of the act in reference to the administration of estates (J. & A. ¶ 66) should be read together with section 1 and by so doing the public administrator must be held entitled to administer on said estate. That section provides that the "administration of the estate of all persons dying intestate shall be granted to some one or more of the persons hereinafter mentioned and they are respectively entitled to preference thereto in the following order: First. To the surviving husband or wife, or any competent person nominated by him or her. * * * Fifth. To the brothers or any competent person nominated by them. * * * Eighth. To the next of kin or any competent person nominated by them. * * * Ninth. To the public administrator or to any creditor who shall apply for the same * * * in all cases where the intestate is a non-resident, and in all cases where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of said decedent is a *bona fide* resident of this State, administration shall be granted to the public administrator."

It is the claim of appellant that the executor of the will in question, being disqualified, an administrator with the will annexed must be appointed according to the same rules which would govern the appointment of an administrator were the deceased intestate, and that said section 18 expressly provides that in all cases where the intestate is a nonresident, administration shall be granted to the public administrator. Appellant, in support of the construction given by him to section 18, calls attention in his brief to the history of that part of the act relied upon. Section 51 of the Statute of Wills of 1829, provided that if the intestate was a nonresident or without a widow, next of kin or creditors in this State, but having property within the State, administration should be granted to the public administrator. Section 18 of

the Act of 1872 on the administration of estates, which was carried into the Revised Statutes of 1874, and is identical with the Statute of Wills of 1845, contained the following provision, "in all cases where the intestate is a non-resident or without a widow, next of kin or creditors in this State, but leaves property within the State, administration shall be granted to the public administrator of the proper county." This section was again amended in 1905 to provide that, "in all cases where the intestate is a non-resident and in all cases where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of said decedent, is a bona fide resident of this State, administration shall be granted to the public administrator," and that provision as hereinbefore set forth, is now in force.

In the case of *Rosenthal v. Prussing,* 108 Ill. 128, in an opinion filed in 1883, it was held that the word "or" in the Act of 1872, as above referred to, should have been "and" and that the section should be so interpreted. It was therefore held that an Illinois creditor of a nonresident intestate was entitled to administer in preference to the public administrator. The Court also said in that case: "If the principle is to obtain at all of giving to the next of kin and creditors living in this State a preference over the public administrator in administering, we do not perceive why it should not be given to them as well in the case of a non-resident as of a resident intestate."

Later in *Re Estate of McWhirter,* 235 Ill. 607, in an opinion filed in 1908, it was held that under the provision of said section 18 of the Administration Act, the public administrator in that case was entitled to administer, but his right appears to have been based upon the ground that there was no widow or next of kin entitled to share in the estate, who was a bona fide resident of Illinois, and in the course of the opinion it was said by the Court: "The right to administer

is not a natural right in any one, but resides first in the State, and the State may in certain cases, as where no relatives are within its jurisdiction, place the administration in the hands of its own officer, the public administrator.''

We are of opinion it is the policy of this State, to be drawn from the provisions of the statute and the authorities above referred to, that the administration of the estates of nonresident intestates shall be granted to the public administrator only in cases where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of the decedent is a bona fide resident of this State and desires to administer or nominate some one else to administer upon the estate. It follows that if the same rule is to apply to the appointment of an administrator with the will annexed when an executor is disqualified by being a nonresident, that the court below properly allowed the brother of the testate to name such administrator.

We are further of opinion that by the direct wording of section 1 of the Administration Act (J. & A. ¶ 49) above referred to, the Probate Court must, in case of a non-resident executor, commit the administration unto the widow, surviving husband, next of kin or creditor or some one nominated by the one entitled to administer and that the words ''the same as if the testate had died intestate'' do not enlarge the scope of the statute so as to authorize appointment of a public administrator, in any case where one of the persons designated in the statute is living in this State and desires either to administer or nominate an administrator with the will annexed. The judgment of the court below appointing appellee administrator, with the will annexed, of said estate will accordingly be affirmed.

*Judgment affirmed.*