W. H. KROME, Admr., Appellee, *vs.* WILLIAM U. HALBERT,
   Public Administrator of St. Clair County, Appellant.

*Opinion filed April 23, 1914.*

1. WILLS—*effect of probating foreign will in Illinois.* Under
section 10 of the Wills act, where the will of a non-resident, which
has been probated in a foreign State, is admitted to probate in a
county in Illinois, the admission to probate in Illinois gives the
will the same effect, in law, as though it had been originally proved
in Illinois.

2. STATUTES—*all parts of statute must be considered together.*
In construing a particular provision of a statute all parts of the
statute must be construed together and the meaning of the par-
ticular provision be thereby determined.

3. SAME—*courts are not confined to literal meaning of words
used in statute.* In construing a statute the courts are not con-
fined to the literal meaning of the words used but the intention
may be collected from the necessity or objects of the act, and its
words may be enlarged or restricted according to its intent.

4. SAME—*statute should be so construed as to give effect to the
main intent.* The several provisions of a statute should be con-
strued together in the light of the purpose and objects of the act
so as to give effect to the main intent, even though in so doing
particular provisions are not given their literal meaning.

5. SAME—*repeals by implication are not favored.* An intention
to repeal provisions of a statute by implication will not be pre-
sumed nor the effect of such a repeal be admitted unless the in-
consistency is unavoidable.

6. ADMINISTRATION—*policy of State has been to grant prefer-
ence to near relatives.* For many years it has been the policy in
Illinois to give a preference to the surviving husband, widow or
near relatives to administer upon the estate of an intestate person
regardless of whether or not deceased was a resident of Illinois.

7. SAME—*when public administrator not entitled to administer
under section 18 of Administration act.* Section 18 of the Admin-
istration act, as amended in 1905, providing that in all cases where
the intestate is a non-resident, and in all cases where there is no
widow, husband or next of kin who are residents of this State, ad-
ministration shall be granted to the public administrator, creates
but one class of cases where administration shall be so granted,
and that is where the intestate is a non-resident and leaves no
husband, widow or next of kin residing in Illinois.

8. SAME—*when a relative is entitled to nominate administrator.* Where the deceased is a non-resident and leaves a will, which is probated in some county in Illinois where there is property of which the deceased died seized, a relative of the deceased residing in Illinois is entitled, as against the public administrator of the county, to nominate a resident of Illinois as administrator with the will annexed.. (*Rosenthal* v. *Prussing,* 108 Ill. 128, approved.)

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

J. M. HAMILL, and C. P. HAMILL, for appellant.

DAN McGLYNN, and SPRINGER & BUCKLEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Anna Zwingmann, a resident of St. Louis, Missouri, departed this life April 20, 1912, leaving a last will and testament, appointing therein Frank J. Lutz, of said city of St. Louis, her executor. Her only heirs-at-law were two brothers, John W. Brauel, of Madison county, Illinois, and Paul Brauel, of St. Louis. She died seized of real and personal property in St. Clair county, Illinois, valued at about $33,000. April 23, 1912, her will was admitted to probate by the probate court of St. Louis, Missouri. On May 3 her brother John W. Brauel filed a petition in the probate court of St. Clair county, Illinois, praying for the appointment of William H. Krome, a resident of this State, as administrator with the will annexed. Thereafter William U. Halbert, public administrator of said St. Clair county, filed his petition in said court claiming, under the statute, the right to be appointed to administer on said estate, as testatrix was a non-resident of this State. The two petitions were heard together, and the probate court appointed the public admin-

istrator as administrator with the will annexed of said es-. tate. Upon appeal the circuit court reversed the decision of the probate court, revoked the letters of administration granted the public administrator, and appointed William H. Krome as such administrator on the petition of John W. Brauel. On appeal to the Appellate Court the judgment of the circuit court was affirmed. This appeal followed.

Under section 10 of our statute on wills (Hurd's Stat. 1911, p. 2378,) the admission of this will to probate in the probate court of St. Clair county, Illinois, gave it the same effect, in law, as if the will had been originally proved in that court. It is contended by counsel for appellant that under our Statute of Administration as at present worded the public administrator is the only one that is qualified to be appointed to administer on this estate. To reach the proper conclusion on this point requires not only a general consideration of the entire statute, but especially of certain of its sections.

Section 1 of the act reads: "That when a will has been duly proved and allowed, the county court shall issue letters testamentary thereon to the executor named in such will, if he is legally competent and accepts the trust, and gives bond to discharge the same; and when there is no executor named in such will, or the executor named therein dies, refuses to act, or is otherwise disqualified, the court shall commit the administration of the estate unto the widow, surviving husband, next of kin, or creditor, the same as if the testate had died intestate. In all cases copies of the will shall go out with the letters."

Section 18 of the act reads, in part, as follows: "Administration of the estate of all persons dying intestate shall be granted to some one or more of the persons hereinafter mentioned and they are respectively entitled to preference thereto in the following order: First, to the surviving husband or wife or any competent person nominated by him or her." Then follow clauses as to (2) children;

(3) father; (4) mother; (5) brothers; (6) sisters; (7) grandchildren; (8) next of kin; in each instance adding, "or any competent person nominated by them." (9) "To the public administrator or to any creditor who shall apply for the same." The section then continues: *"Provided, that only such persons as are entitled to administer under this act shall have the right to nominate. * * * Preference and the right to nominate under this act must be exercised within sixty days from the death of the intestate, at the expiration of which time administration shall be granted to the public administrator. In all cases where the intestate is a non-resident, and in all cases where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of said decedent is a bona fide resident of this State, administration shall be granted to the public administrator. * * * And further provided,* that no non-resident of this State shall be appointed or act as administrator or executor."

Section 19 provides that letters of administration shall not be granted upon the goods, etc., of a person dying intestate, "to any person not entitled to the same as husband, widow, next of kin, creditor or public administrator, within seventy-five days after the death of the intestate," except under certain conditions. An amendment, added in 1909, provides as to the methods of removing, in certain cases, a public administrator or creditor who has been appointed before the seventy-five days have expired.

Section 38 sets out what shall be done if an executor or administrator dies or becomes disqualified, before or after probate, and provides that the appointment to fill the vacancy shall be granted "to the person next entitled thereto," with a provision, added by amendment in 1901, "that in making any appointment under this section, the court shall give preference to the surviving husband, or wife, or next of kin of the deceased, or beneficiaries named in the will, in the order named."

Section 46 provides that when any person dies owning real estate within this State, or any right or interest therein, and there is "no relative or creditor within this State who will administer upon such deceased person's estate, it shall be the duty of the county court * * * to commit the administration of such estate to the public administrator of the proper county."

Section 48 provides that when an administration has been granted to a public administrator and it shall appear that there is "a widow or next of kin or creditor" entitled to the preference, it shall be the duty of the county court to revoke the letters of administration to the public administrator.

Section 50, in part, reads: "Upon the death of any person intestate, not leaving a widow, or next of kin, or creditor, within this State, the public administrator of the county wherein such person may have died, or when the decedent is a non-resident, the public administrator of the county wherein the goods and chattels, rights and credits of such decedent shall be," may take measures to protect and secure the interests of the estate.

These sections as they now read, with the exception of sections 18, 19 and 38, have not been amended since the Administration act was passed, in 1872. The amendments to sections 19 and 38 we have heretofore suggested when referring to those sections. The only part of section 18 as originally worded in the act of 1872 which bears on this question reads: "In all cases where the intestate is a non-resident, or without a widow, next of kin, or creditors in this State, but leaves property within the State, administration shall be granted to the public administrators of the proper county." In 1883 this court, in *Rosenthal* v. *Prussing,* 108 Ill. 128, construed this sentence from section 18 in connection with the rest of the Administration act, and held that the word "or," in the clause "or without a widow," etc., should be construed to mean "and," and that on the

death of a non-resident intestate leaving property in this State a creditor of the estate was entitled to preference over the public administrator in the grant of letters of administration.

Counsel for appellant, while stating that they believe the above decision did not properly construe the statute as it then read, insist that, however that may be, the legislature, by re-enacting said provision amended as quoted above, especially that part which reads, "in all cases where the intestate is a non-resident, and in all cases where there is no widow, husband or next of kin * * * who at the time of the death of said decedent is a *bona fide* resident of this State, administration shall be granted to the public administrator," showed an intention to make two classes where the public administrator must be appointed: First, as to all non-resident intestates; and second, as to all resident persons dying intestate with no husband, widow or next of kin residing in this State. From a reading of the opinion it is apparent that the same argument was made in the *Rosenthal case,* and the court there held that the legislature only intended to have one class,—that is, all non-resident persons dying intestate leaving no husband, widow or next of kin residing in the State.

It is an elementary rule of construction that all parts of a statute must be considered together and not each by itself. (Sutherland on Stat. Const. sec. 215; *Maiss* v. *Metropolitan Amusement Ass'n,* 241 Ill. 177; *Soby* v. *People,* 134 id. 66.) In the construction of a statute the courts are not confined to a literal meaning of the words, but the intention may be collected from the necessity or objects of the act and its words may be enlarged or restricted according to its intent. A thing which is within the intention is regarded within the statute though not within the letter, and a thing within the letter is not within the statute unless within the intention. When the intention can be collected from the statute, words may be modified, altered or supplied
263 – 12

so as to obviate any repugnancy or inconsistency with such intention. · The several provisions of a statute should be construed together in the light of the purpose and objects of the act, so as to give effect to the main intent, even though in so doing particular provisions are not construed according to their literal reading. *People* v. *Harrison,* 191 Ill. 257; *People* v. *City of Chicago,* 152 id. 546; *Cruse* v. *Aden,* 127 id. 231; Sutherland on Stat. Const. sec. 218.

For nearly a century it has been the legislative policy of this State to give a preference to the surviving husband, widow or near relatives to administer upon the estate of an intestate, and this regardless of whether or not the deceased was a resident of this State  It has, however, also been the policy for years to require that the relatives, in order to be entitled to administer, must be residents of the State. The purpose of this last requirement was to give the court proper power to protect the estate by compelling the administrator to obey its orders.  The general policy of giving the preference to near relatives to administer upon the estate should not be held to be changed unless the intent of the legislature so to do is clearly manifest.  It is contended by counsel for appellant that such intention is clear from the amendment passed in 1905 to said section 18, especially the words heretofore referred to, "in all cases," inserted twice therein.  If section 18 were the only provision of the statute bearing on this question it might fairly be urged that counsel's construction was not unreasonable, but to put this construction upon it requires us to ignore various other provisions of the Administration act or to hold that they have been repealed by implication by the amendment of said section 18.  Repeals by implication are never favored.  The intention to so repeal will not be presumed nor the effect of the repeal be admitted unless the inconsistency is unavoidable.  (Sutherland on Stat. Const. sec. 138; *Galpin* v. *City of Chicago,* 249 Ill. 554; *Cook County* v.

*Gilbert,* 146 id. 268.) To place the construction upon section 18 contended for by appellant would be to nullify in large measure the provision of section 38 of said act which provides, in certain cases, for giving the appointment to the husband or wife or next of kin as administrator with the will annexed. It would also nullify or repeal by implication, in all cases such as this, the provisions of section 46 of the act as to when the public administrator should be appointed when a person dies seized of real estate in this State. To uphold that construction it must also be held that the legislature intended to repeal by implication the provision of section 1 that where the executor named by the will is disqualified, the court "shall commit the administration of the estate unto the widow, surviving husband, next of kin, or creditor, the same as if the testate had died intestate." In view of the decision of this court in *Rosenthal* v. *Prussing, supra,* construing a former wording of section 18, is it unreasonable to argue that the legislature, in passing this amendment, using the word "and" instead of "or," intended to follow the reasoning of the court in that case, and make only one class wherein the public administrator must be appointed in place of relatives, to-wit, where the intestate was a non-resident and left no husband, widow or next of kin who was a resident of the State? To so construe the statute would be in conformity with all the other sections and the spirit of the entire act, and would only require, at the most, the words "in all cases," repeated the second time, to be held surplusage. Indeed, might it not be argued that these words are repeated in order to make emphatic the intent of the legislature to have one class? It needs no argument to prove that if the legislature intended to make two classes in section 18 where the public administrator must be appointed, as contended by counsel for appellant, it could have worded this amendment in such a way as to show that intent far more clearly than by the present wording. Furthermore, if the legislature in-

tended to do that, why did it not directly amend not only section 18 but sections 1, 38 and 46? In amending and re-enacting section 18 in 1905 the legislature did not even provide that all other parts of the act inconsistent therewith should be considered repealed. In seeking the main intent of the legislature we must read the entire Administration act together, even though in so doing certain particular provisions are not given their literal meaning, for, as has been said, such intention should be gathered by enlarging or restricting, if necessity require, the literal meaning of the words. We see no reason why the legislature, contrary to the pronounced public policy of this State for so many years, should intend to deprive the near relatives residing in this State of the right to administer the estate of an intestate simply because the deceased was a non-resident. Such construction of the statute would often result in great inconvenience and injustice, and lead to consequences which, in our judgment, are absurd and which the legislature could not have contemplated. "The courts are bound to presume that such consequences were not intended and adopt a construction which will promote the ends of justice and avoid the absurdity." *People* v. *Harrison, supra.*

After a consideration of all the provisions of the act in the light of the authorities, we have reached the conclusion that the Appellate and circuit courts rightly construed this statute. While the point here in question was not directly involved, the reasoning of this court in considering this same statute in *In re Estate of McWhirter,* 235 Ill. 607, tends to uphold the conclusion here reached.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*