W. H. Coffey, Public Administrator, Appellee, v. Della
Mann, Administratrix, Appellant.

Gen. No. 6,202.

1. DOMICILE—*when evidence sufficient to show residence in an-
other State.* Evidence *held* sufficient to sustain a finding that a de-
cedent was a resident of another State, where his family lived, and
not of Illinois, where he died and had been engaged in transacting
considerable business.

2. EXECUTORS AND ADMINISTRATORS, § 30*—*when creditor not en-
titled to preference in administration.* Under the Administration
Act, sec. 18 (J. & A. ¶ 66), a creditor is not entitled to preference
in administration of the estate of a nonresident over the public
administrator, but the public administrator is preferred to all ex-
cept the widow, husband and next of kin resident in this State.

Appeal from the Circuit Court of Knox county; the Hon. ROBERT
J. GRIER, Judge, presiding. Heard in this court at the October term,
1915. Affirmed. Opinion filed February 8, 1916.

B. E. McLAUGHLIN and MARSH & MARTIN, for appel-
lant.

FLETCHER CARNEY, JAMES W. CARNEY and SIG. B.
NELSON, for appellee; CHESTER I. LONG, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion
of the court.

Leslie C. Roberts died intestate at Galesburg, Knox
county, Illinois, on March 10, 1915, leaving surviving
him as his sole heirs at law his wife, Eunice Roberts,
and an invalid son, Henry Roberts, both of whom lived
in Wichita, Kansas, and leaving in Illinois a deposit in
a bank in Galesburg and an automobile. The next day
after his death Della Mann, claiming to be a creditor,
took out letters of administration upon the estate of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

deceased in the County Court of Knox county. On March 19, 1915, W. H. Coffey, public administrator of Knox county, filed a petition in said County Court alleging that Roberts was a resident of Wichita, Kansas, and asking that the letters to Della Mann be revoked and that letters be issued to him as the public administrator. The County Court heard and denied said petition. Coffey appealed to the Circuit Court, where, upon a hearing, the letters to Della Mann were revoked and Coffey as public administrator was appointed to administer said estate. This is an appeal by Della Mann from that order.

The principal question litigated is whether Roberts was a resident of Illinois or of Kansas. The proofs introduced by the public administrator showed that Roberts owned a house in Wichita which he maintained and in which his wife and son resided. A brother of Mrs. Roberts, living for very many years in Galena, Illinois, testified that twenty-three years ago he visited the family in Wichita and that Roberts then lived there with his wife and son, and that he had never heard of any separation between them. A banker at Galesburg testified that Roberts always spoke of Wichita, Kansas, as his home; that Roberts kept a deposit in a bank in Galesburg, but that most of his banking business was done at Wichita, Kansas. A lawyer of Galesburg, who had done considerable business for Roberts, testified that Roberts gave him his address as Wichita, Kansas, and whenever he wrote to him when Roberts was not at Galesburg, he addressed him at Wichita, Kansas. He testified that Roberts directed him to bring a suit against a certain party and he told Roberts that he would probably be compelled to give a bond for costs and Roberts said he knew that. The witness started the suit, the defense made an application to compel Roberts to give a bond for costs, based on an affidavit that Roberts was a nonresident of the State of Illinois; that Roberts did give such bond and

that on the trial of that case, only three or four months before Roberts died, he testified that he lived in Wichita, Kansas. The attorney for the defendant in that case testified that some two years or more before that time, he met Roberts on a train in the west and Roberts told him that he lived in Wichita. The agent for the Santa Fe Railway in Galesburg testified that he had met Roberts and his wife at the station in Wichita; that at times Roberts purchased a ticket at Galesburg for Wichita and generally said that he was going home; that not many months before his death he bought a ticket for Carrolton, Missouri, and said that he was going to stop there on his way home. Just three months before he died he entered into a contract for the erection of two cottages in Galesburg and therein described himself as "L. C. Roberts of Wichita, Kan." Some intimation having been made of domestic trouble between Roberts and his wife, the petitioner introduced in evidence a number of letters, written by Roberts to his wife from Galesburg during the last two months of his life, the signatures to which were proven. In those letters he told his wife in detail various transactions he was having in various parts of Illinois, expressed interest in the health of his wife and son, stated the condition of his own physical ailments, urged his wife to go to a dressmaker and get work of that kind done before spring, expressed satisfaction later that she had done as he suggested, told how he had fixed the water pipes in the house to prevent their freezing; and in several of them said that if he could complete a certain important business deal, he should be home very soon. The letters contained several references to his coming home soon. These letters and some other evidence show that he was engaged in the business of dealing in Illinois and Kansas lands. The proof introduced by Della Mann is that she and her sister, Sadie Mann, and their mother had lived in Galesburg fourteen years; that before that, they had

met Roberts at Canton, Illinois; that ever since they had been in Galesburg, Roberts had made his home at their place, having come there to board through their brother, who was a warm friend of Roberts, personally and in a business way; that whenever Roberts was away from Galesburg, he wrote to Della Mann, and generally said he was coming home; that from 1910 un-until his death he repeatedly said that he was going to build a modern home in Galesburg and was going to make Galesburg his home; that his last visit to Wichita was the latter part of December, 1914, and the fore part of January, 1915, and that on his return he told them that he was not going to Wichita any more on account of the treatment he had received there. This testimony came from Della Mann and her sister. They also testified that in the early part of 1915, a young lawyer in Galesburg was a candidate for an office; that Roberts said he was going to register and vote for him; that Roberts was absent from Galesburg on the first registration day and died before the second registration day. They testified that Roberts spent from half to three-fourths of his time in Galesburg. Della Mann filed a claim against the estate for board, room, washing and mending from March 7, 1910, to March 7, 1915, at $7 per week, less $210 paid thereon, and also for $50 money loaned, and for certain telephone tolls, in the total amount of $1,662.36. At one time Roberts had a stock of goods in Galesburg which he had taken on a trade and he signed a schedule of it for taxation in which he was described as "of the City of Galesburg, Knox county, Illinois." Roberts was taken very ill at the Mann home on March 9, 1915, and a physician was called who took him to a hospital and performed an operation upon him. The physician had never met Roberts before that morning. On the way to the hospital the doctor asked Roberts where he resided, and he answered, "in Galesburg, Illinois," and the doctor

asked him if he wanted any one to be notified if anything happened to him and he said: "Miss Mann," and that it was his home at the house from which he had just been taken and that he had made his home in Galesburg about fourteen years. On the day he died, according to the testimony of Miss Mann and her sister, he dictated a telegram to his wife about business matters for fear that some one else would have notified his wife of his illness and she might come on. The foregoing is the substance of the evidence on the subject of residence, and without discussing the degree of credence to be accorded to the various parts of the testimony, we think it sufficient to say that in our opinion the Circuit Court correctly decided that Roberts was a resident of Wichita, Kansas.

Appellant contends that if Roberts was a nonresident of this State, still a creditor is entitled to preference in administration over the public administrator. In *Rosenthal v. Prussing,* 108 Ill. 128, decided in 1883, it was held that a creditor of a nonresident intestate is entitled to preference over the public administrator. Section 18 of the Administration Act then in force (J. & A. ¶ 66) contained the following provision: "In all cases where the intestate is a nonresident, or without a widow, next of kin, or creditors in this State, but leaves property within the State, administration shall be granted to the public administrator of the proper county." The Supreme Court there held that while the literal reading of that sentence gave the preference to the public administrator, yet upon consideration of sections 46 and 48 of the Administration Act (J. & A. ¶¶ 95, 97) and certain sections of the earlier statute of "Wills," the word "or," in the part of the statute above quoted, should be read "and" and, so read, creditors were given the preference over the public administrator. In 1905, section 18 of the Administration Act was amended in several respects (J. & A. ¶ 66), and among other things the clause above quoted was

amended to read as follows: "In all cases where the intestate is a non-resident, and in all cases where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of said decedent is a *bona fide* resident of this State, administration shall be granted to the public administrator." In *Krome v. Halbert,* 263 Ill. 172, where a resident heir at law of a nonresident deceased was contending with the public administrator for administration of property in this State, *Rosenthal v. Prussing, supra,* was approved as applied to that case, under this statute as amended. Undoubtedly the paragraph last above quoted does give the preference of administration to the next of kin over the public administrator, and *Rosenthal v. Prussing, supra,* is applicable to such a case. But the amendment has excluded the word "creditors" and therefore they are no longer preferred, and under section 18 as it now reads, in case of a nonresident intestate, the public administrator is preferred to all except the widow, husband and next of kin, resident in this State. Therefore the order of the court below was in accordance with the statute, and it is therefore affirmed.

*Affirmed.*