### In re Estate of John Halberg, Deceased.
### Gordon A. Ramsay, Public Administrator of Cook County, Appellant, v. Olaf Benson, Administrator of the Estate of John Halberg, Deceased, Appellee.

### Gen. No. 25,865.

1. EXECUTORS AND ADMINISTRATORS—*right of creditor to appointment as against public administrator.* Under the Administration Act (Hurd's Rev. St. ch. 3, J. & A. ¶¶ 49, 95), a creditor of deceased who died testate in another state having no heirs in Illinois but leaving both real and personal estate therein is entitled to appointment as administrator with the will annexed, as against the claim of the public administrator.

2. EXECUTORS AND ADMINISTRATORS—*right of public administrator to administer confined to intestate estates.* Administration Act, sec. 18 (J. & A. ¶ 66), relating to administration of estates by the public administrator, applies to cases of intestacy alone.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed April 12, 1921.

WARD B. SAWYER, for appellant; LEWIS C. COYNER and CHARLES R. SERCOMB, of counsel.

CHARLES D. McGRATH, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal by the public administrator of Cook county comes before us on a statement of agreed facts, which are as follows: John Halberg died on

or about August 16, A. D. 1916, at Port Angeles, Washington, being a resident of that city and State, and leaving a last will and testament and personal property in Cook county, Illinois, of the approximate value of $3,300, and real estate therein of the value of about $800. He left him surviving as his only heirs at law and next of kin, Anna Marie Halberg, his widow, Edwin Anton Halberg, his son, and Alfred Ever Halberg, his son, all residents of Port Angeles, Washington. The said Anna Marie Halberg, his widow, was the sole beneficiary under decedent's last will and testament, and said will was duly proven and admitted to record in the State of Washington, and letters testamentary issued to the said widow.

A petition was filed in the probate court of Cook county setting forth the above facts and asking that letters of administration be issued to one Olaf Benson, a resident of Cook county. This petition was signed by Anna Marie Halberg, widow of said decedent. Subsequently, the will of the said John Halberg, deceased, was duly proven and admitted to probate, and letters of administration with the will annexed issued to the said Olaf Benson by the probate court of Cook county. Thereafter Ramsay, as public administrator of Cook county, filed a petition in the probate court asking that letters of administration with the will annexed granted to the said Olaf Benson be revoked, and that letters of administration *de bonis non* with the will annexed be issued to him as public administrator.

Olaf Benson, as administrator with the will annexed, filed a sworn answer, in which he set out that he (Benson) was a creditor of John Halberg, deceased, in the sum of about $3,000, and that as such creditor he was rightfully appointed administrator with the will annexed of the said estate, and that as such creditor he was entitled to act as such administrator. The hearing was had on said petition and

answer in the probate court, and that court entered an order granting leave to said Olaf Benson to file a new petition instanter as a creditor. Said petition was filed and a hearing was had in the probate court of Cook county thereon. The petition of the public administrator and answer thereto were allowed to stand as to said new petition and hearing resumed on the same. The said probate court denied the petition of the public administrator for the removal of the said Olaf Benson and for granting letters of administration *de bonis non* with the will annexed to said public administrator, and ordered that appointment of said Olaf Benson as administrator with the will annexed, as creditor, should stand.

The order further sets out that the matters and things alleged in the petition of the public administrator and the sworn answer of Olaf Benson thereto should be taken as true. The public administrator appealed to the circuit court of Cook county, and the matter was submitted to that court on the sole question of law as to whether the creditor of a deceased nonresident, dying testate, with no widow or next of kin residing in this State, was entitled to priority over the public administrator in the issuing of letters of administration with the will annexed, to administrate real and personal property in Cook county, Illinois. The finding and judgment of the circuit court affirmed the finding and order of the probate court, and this appeal followed.

The question of law involved requires a construction of section 18 of the Administration Act, Hard's Rev. St. ch. 3 (J. & A. ¶ 66), as well as sections 1, 19, 38, 46, 48 and 50 of the same Act (J. & A. ¶¶ 49, 67, 87, 95, 97, 99), and section 10, ch. 148, Hurc's Rev. St. p. 3024 (J. & A. ¶ 11551). Said section 18 of the Administration Act provides:

"Administration of the estate of all persons dying intestate shall be granted to some one or more per-

sons hereinafter mentioned, and they are respectively entitled to preference thereto in the following order: 1st, * * * 9th. To the public administrator or to any creditor who shall apply for the same. *Provided,* that only such persons as are entitled to administer under this act shall have the right to nominate. * * * *In all cases where the intestate is a nonresident, and in all cases where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of said decedent is a bona fide resident of this State, administration shall be granted to the public administrator;* and in all cases where any contest shall arise between widow, heirs at law or next of kin of the decedent in relation to the grant of letters, and it shall appear to the court that the estate of said decedent is liable to waste, loss or embezzlement, administration to collect shall be granted to the public administrator of the proper county to administer such estate, until such contest is terminated. * * * *And further, provided,* that no non-resident of this State shall be appointed or act as administrator or executor."

The language of section 18, as in part quoted above, is as amended by Act, approved May 12, 1905, in force July 1, 1905. Prior to that amendment it read in part as follows:

" * * * In all cases where the intestate is a non-resident, or without a widow, next of kin or creditors in this State, but leaves property within the State, administration shall be granted to the public administrators of the proper county * * *."

That clause was construed in *Rosenthal v. Prussing,* 108 Ill. 128, in which case a resident creditor of a nonresident decedent, who died intestate, contested with the public administrator for the right to administer. The Supreme Court there held that while a literal reading of the section was in favor of the contention of the public administrator, in view of the provisions of the other sections of the act, the

word "or" as it appeared in said clause should be construed to mean "and." Thus reading the section it was held that the creditor was entitled to preference over the public administrator. Since the enactment of the amendment of May 12, 1905, said section 18 was approved and held to be constitutional in the case of *In re McWhirter's Estate,* 235 Ill. 607. The section, as amended, is set forth at length and its meaning construed in *Krome v. Halbert,* 263 Ill. 173. In that case the public administrator was held not entitled to administer on the estate of a nonresident decedent who died testate, seized of real and personal property in this State, as against one nominated by the brother of the decedent who resided in this State. The court there held that the different sections of the statute should be considered together and not each by itself; that the amendment to said section 18 had not repealed any one of said other sections, and that construing the same together and in connection with section 10 of chapter 148, Hurd's Rev. Stat. 1919, p. 3024 (J. & A. ¶ 11551), it was not unreasonable to hold that in passing the amendment the legislature, in using the word "and" instead of "or," intended to adopt the reasoning of the court in *Rosenthal v. Prussing, supra,* "and make only one class wherein the public administrator must be appointed in place of relatives, to wit, where the intestate was a nonresident and left no husband, widow or next of kin who was a resident of the State."

Appellant contends that as the right of any creditor was not involved in that case, any reference made to a creditor by the court in its opinion was mere *dicta* and should be treated as such.

The questions there discussed as to whether section 18, as amended, repealed or amended the other sections claimed to be inconsistent therewith, and whether the fact of the amendment was to create only one or more than one class of cases where adminis-

tration must be granted to the public administrator were necessary to a decision of that case. The court held that the other sections of the statute were not repealed and that the effect of the amendment was to create but one class of such cases. The conclusions there announced in that respect are, therefore, of the law and binding upon us in this case.

· In *Coffey v. Mann,* 200 Ill. App. 143, the Appellate Court for the Second District considered a case in which the right of a creditor to preference in the administration of the estate of a nonresident as against the public administrator was involved, and the court after referring to the cases of *Krome v. Halbert, supra,* and *Rosenthal v. Prussing, supra,* said:

"Undoubtedly, the paragraph last above quoted does give the preference of administration to the next of kin over the public administrator, and *Rosenthal v. Prussing, supra,* is applicable to such a case. But the amendment has excluded the word 'creditors,' and therefore they are no longer preferred, and under section 18 [J. & A. ¶ 66] as it now reads, in case of a nonresident *intestate,* the public administrator is preferred to all, except the widow, husband and next of kin, resident in this State."

That case was, however, in two important respects distinguishable from this one. In the first place the nonresident decedent there died *intestate,* and the provisions of section 1 of the Administration Act (J. & A. ¶ 49) which applies only "when a will has been duly proved and allowed," was inapplicable. In the second place, the decedent there did not die seized of any real estate, and, therefore, the provisions of section 46 (J. & A. ¶ 95), which by its terms is limited to persons who die "seized or possessed of any real estate within this State, or having any right or interest therein," was also inapplicable.

A careful reading of section 18 and a consideration of it in connection wth section 10 of chapter

148 and sections 1 and 46 of chapter 3, leads us to the conclusion that section 18, as amended, with the exception of the last proviso thereof, is limited in its application to *intestate* estates. This was the construction put upon that section by this court prior to the amendment in *Walker v. Welker,* 55 Ill. App. 118, where it was said:

"The case of a testate estate is not affected by said section."

Moreover, this seems to be a reasonable construction of the language used in said section 18 as amended. In the first paragraph it declares "administration of the estate of all persons dying *intestate* shall be granted," etc.

In another clause "preference and the right to nominate under this act must be exercised within sixty days from the death of the *intestate.*" Again, "In all cases where the *intestate* is a nonresident," etc. Further, it provides "No administration shall in any case be granted until satisfactory proof shall be made to the county court to whom application for that purpose is made, that the person in whose estate letters of administration are requested, is dead and died *intestate.*"

The language used in these different parts of the section clearly, we think, establishes the intention of the legislature (barring specific exceptions) to limit the section in its application to the estates of persons who died intestate. This construction removes any inconsistency which might otherwise appear to exist between sections 1 and 46 and section 18. As sections 1 and 46 were applicable to the facts of the case and section 18 was not, the probate and circuit courts properly held that the creditor was entitled to the preference.

The judgment will therefore be affirmed.

*Affirmed.*

BARNES, P. J., and GRIDLEY, J., concur.