## In the Matter of the Estate of Isom W. Johnson, Deceased.
## Frank B. Sanders, Public Administrator, Appellant, v. William G. J. Buenger, Administrator of the Estate of Isom W. Johnson, Deceased, Appellee.

ESTATES OF DECEDENTS—*public administrator's right to letters on estate of resident intestate as against nominee of resident relatives.* A public administrator is not entitled to letters of administration on the estate of a resident intestate who left surviving him no resident next of kin entitled to a distributive share in his estate as against the nominee of resident cousins who were not entitled to share, under the provisions of Administration Act, sec. 18, Cahill's Ill. St. ch. 3, ¶ 18, that administration shall be granted to the public administrator in all cases "where the intestate is a nonresident, and in all cases where there is no widow, husband or next of kin entitled to a distributive share" who is a resident at the time of death of such intestate, since such provision is applicable only where the intestate is a nonresident leaving no resident widow, husband or next of kin surviving, and the further provision of section 18, giving preference to the "next of kin or any competent person nominated by them," prevails in such case.

Appeal by plaintiff from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1923. Affirmed. Opinion filed July 2, 1923.

A. U. BARCO, for appellant.

WARNOCK, WILLIAMSON & BURROUGHS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This appeal by Frank B. Sanders, public administrator of Madison county, comes to this court on a statement of agreed facts which are as follows: "It is stipulated by the parties to this appeal, for the purposes of this appeal, that the following facts are shown by the various papers filed, the proofs made and the findings and orders in the probate and circuit courts of Madison county, State of Illinois, in the

foregoing proceeding, and the same are hereby agreed to as being the true and correct facts, findings and orders upon which the controversy is to be decided, as shown by such papers, proofs, findings and orders, and this stipulation is made in lieu of all such papers, proofs, findings and orders.

"Isom W. Johnson, who was a resident of Madison county, in the State of Illinois, departed this life intestate September 18, 1922, leaving him surviving Douglas Handlin, Elisha B. Handlin, half brothers, William P. Johnson, a brother, and Mary C. Johnson Moon, a sister, all being nonresidents of the State of Illinois and residents of the State of Kansas, as his next kin and only heirs at law under the statute of descent and distribution of the State of Illinois.

"On September 30, 1922, Sarah C. Collins, a resident of Madison county, Illinois, who was a cousin of the deceased but not an heir nor entitled to a distributive share of the deceased's estate, filed the usual petition for letters of administration, duly executed by herself, in the probate court of Madison county, Illinois, stating among other things that the said Isom W. Johnson died at Nameoki, Madison county, Illinois, leaving no last will and testament so far as the petitioner knew; that the said Isom W. Johnson died seized and possessed of real estate estimated at a value of $50,000 and personal property at a value of about $25,000, and reciting that the said decedent left surviving him the following named persons as his only heirs at law with residences as follows: Sarah C. Collins, cousin, Collinsville, Illinois; Charles E. Finley, cousin, Greenfield, Greene county, Illinois; Vesper Finley, cousin (town unknown), State of Colorado, and also reciting that there were several other cousins of deceased whose names and addresses were unknown to the petitioner; that the deceased at one time had several half brothers and half sisters, but it was not known to the petitioner how many of them were surviving, and, if any were deceased, whether or not they left children or survivors of such children; that the next of kin of deceased, except those mentioned in the petition, were scattered and

vaguely known, and the petitioner at the time of filing such petition was unable to give any definite information regarding them; that the petitioner was a cousin of the deceased, and believing that the said estate should be immediately administered as well for the proper management of said estate as for the prompt collection of assets, by virtue of her right under the statute, prayed that letters of administration be issued to William G. J. Buenger, upon his taking the oath prescribed by the statute and entering into bond in such sum and with such securities as may be approved by the probate court. The said Charles E. Finley, a cousin of the deceased and a resident of Greene county, State of Illinois, also filed his written waiver, waiving his right to administer said estate, and he nominated said William G. J. Buenger, and asked that said Buenger be appointed by the court as such administrator.

"On September 30, 1922, the probate court entered the following order on its docket in the estate of Isom W. Johnson, deceased, to wit:

" 'Proof of death, intestate, made. Upon petition of Sarah C. Collins, a cousin, and the nomination of the resident heirs, it is ordered that letters issue to William G. J. Buenger upon his taking oath and entering into bond in the sum of $50,000.00. Oath filed. Bond in sum of $50,000.00 filed and approved.'

"On October 4, 1922, at request of Douglas B. Handlin, a half brother and one of the heirs at law of Isom W. Johnson, deceased, the public administrator, Frank B. Sanders, of Madison County, Illinois, filed his petition to administer upon the estate of Isom W. Johnson, deceased, and on the 20th day of October, A. D. 1922, the said Douglas Handlin joined with the said public administrator, Frank B. Sanders, and filed an amended petition asking that the letters of administration issued to said William G. J. Buenger be revoked and that the public administrator, Frank B. Sanders, be appointed administrator to administer upon the estate of Isom W. Johnson. The probate court on due hearing on October 25, 1922, denied the prayer of the petition and the amended petition of

Frank B. Sanders, public administrator aforesaid, and Douglas Handlin, a half brother and one of the heirs at law of Isom W. Johnson, deceased, and confirmed the appointment of William G. J. Buenger.

"On January 16, 1923, on proof, the probate court found, decreed, ordered and adjudged that Douglas Handlin, Elisha B. Handlin, William P. Johnson and Mary C. Johnson Moon were the next of kin and only heirs at law of Isom W. Johnson, deceased, according to the statute of descent and distribution of the State of Illinois.

"On October 17, 1922, Elisha B. Handlin and William P. Johnson filed in the said probate court a written waiver of any right they may have had to administer on or to nominate an administrator for the estate of Isom W. Johnson, deceased, and they nominated said William G. J. Buenger as said administrator, and asked the court to appoint him as such, and also represented in said written waiver that it was also the desire of the said Mary C. Johnson Moon that said William G. J. Buenger be appointed such administrator.

"An appeal from the said judgment and order of the probate court appointing the said William G. J. Buenger administrator of said estate and denying the petition of Frank B. Sanders, public administrator, and the amended petition of Douglas Handlin and said Frank B. Sanders, aforesaid, for his appointment as such administrator of the estate of Isom W. Johnson, deceased, was prayed and perfected to the circuit court of Madison county, Illinois. On January 24, A. D. 1923, the said circuit court, after hearing, sustained the judgment and order of the probate court appointing the said William G. J. Buenger administrator of said estate and denying the appointment of the said Frank B. Sanders, public administrator, and entered judgment accordingly. The said public administrator duly excepted to said judgment and order of the said circuit court, and from such judgments and orders of the probate and circuit courts the said public administrator, Frank B. Sanders, and Douglas

Handlin prayed and were allowed an appeal to the Appellate Court of the Fourth District and State of Illinois, upon entering into bond and filing bill of exceptions, both of which were complied with.''

The question before this court on this stipulation is not whether a proper person has been appointed as administrator of the estate of Isom W. Johnson, but whether or not the public administrator of Madison county had the right to be appointed.

The substance of appellant's contention in this case is that where a resident of this State dies intestate leaving nonresidents as the only persons entitled to his estate and also leaving relatives residents of this State who are not entitled to a distributive share in his estate, the public administrator is entitled, as a matter of right, to be appointed as the administrator of such deceased person's estate.

On the other hand, appellee contends that in such case the next of kin resident in this State, although not entitled to inherit any portion of the estate, are entitled to administer or nominate an administrator in preference to the public administrator.

Section 18 of the Act relating to the administration of estates designates the persons who shall be appointed administrators of persons dying intestate in the order of their respective rights, and appellant, to sustain his position, relies principally upon the proviso to said section, which reads as follows: ''In all cases where the intestate is a nonresident, and in all cases where there is no widow, husband or next of kin entitled to a distributive share in the estate of such intestate, who at the time of the death of said decedent is a bona fide resident of this State, administration shall be granted to the public administrator.'' [Cahill's Ill. St. ch. 3, ¶ 18.] To give this construction, however, to this proviso it is necessary to hold that the public administrator has the mandatory right to be appointed in two classes of cases, that is

(1) where the decedent is a nonresident and (2) where there is no widow, husband or next of kin, entitled to a distributive share in the estate, who is at the time of the death of said decedent a resident of this State. The Supreme Court of this State, however, in the case of *Krome v. Halbert,* 263 Ill. 172, in discussing said section No. 18 said: "In the construction of a statute the courts are not confined to a literal meaning of the words, but the intention may be collected from the necessity or objects of the act and its words may be enlarged or restricted according to its intent." And it then expressly holds that said proviso does not create two classes of cases, but made only one class where the public administrator must be appointed in place of a relative, to wit, where the intestate was a nonresident and left no husband, widow or next of kin who was a resident of this State. It is true that the controversy in that case was between the public administrator and a brother of the nonresident decedent, who was a resident of this State and entitled to a distributive share in the estate, yet if that proviso creates only one class of cases where both the conditions mentioned therein must exist, no conclusions can be reasonably reached consistent with that opinion of the Supreme Court, under such facts as are set forth in the stipulation in this case, other than that the relatives of deceased residing in this State were entitled to nominate a resident of Illinois as administrator under that portion of section 18 which reads "to the next of kin or any competent person nominated by them." This section does not require that such next of kin should be entitled to a distributive share in the estate to entitle them to nominate the administrator, nor does any other provision in the Administration Act contain such requirements. As stated in *Krome v. Halbert, supra,* it has long been the policy of this State to give a preference to the near relatives to administer upon the estate of an intestate. It is true

that in that case the Supreme Court in most instances used the words "near relatives" in this connection and the relative there involved was a brother and in this case the relative is a cousin, yet it does not appear to us that such fact would affect the rule. In the case of *Dupee v. Follett*, 304 Ill. 166, the Supreme Court used this language: "The statute contemplates the public administrator shall act when an intestate leaves property in this State, and there is no relative or creditor within this State to administer. If the deceased leaves relatives in this State who will administer and they seek to do so before the public administrator is appointed, they have the right to do so, even though they did not attempt to exercise that right within sixty days. The reason for creating the office of public administrator was to give authority to someone who would administer on intestate estates where no relative or creditor would administer. If administration is required to conserve the estate and relatives and creditors of the deceased will not administer, it is the duty of the public administrator to do so. * * * It was the clear intent of the Legislature that relatives and creditors of the intestate should be preferred to the public administrator, as evidenced not only by the plain language of section 18, but also of sections 19, 46 and 48 [Cahill's Ill. St. ch. 3, ¶¶ 19, 47, 49]. If none of the eight preferred classes apply for letters within sixty days from the death of the intestate, then the administration may be committed to the public administrator, but if the heirs apply for letters before the estate is committed to the public administrator, it was never intended that he should, by objecting, secure letters to himself."

In *Coffey v. Mann*, 200 Ill. App. 143, the Appellate Court of the Second District, in a case where there was a controversy between a creditor of the deceased, nonresident intestate and a public administrator, held that under section 18 of the Administration Act as it

now reads, in case of a nonresident intestate, the public administrator is preferred, to all except the widow, husband and next of kin resident in this State. It appears to us that the opinions in the cases above referred to all recognize the true rule to be that the only instance in which a public administrator has the mandatory right to be appointed is where there is no next of kin resident in this State seeking to be appointed or to nominate. It follows from this view of the law that appellant was not, as public administrator, entitled to be appointed administrator of the estate in question, in lieu of appellee, who had been appointed administrator thereof by the probate court upon the petition of Charles E. Finley, a resident relative of the intestate. The judgment of the trial court is therefore affirmed.

*Affirmed.*